IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITIZENS FOR COMMUNITY ACTION, an Illinois not for profit corporation, WAYNE STRNAD, and BRUCE RANDAZZO,

    Plaintiffs,

v.

CITY OF CHICAGO, a municipal corporation, ALFRED SANCHEZ, CATHERINE M. HENNESSY, TOMMY JOHNSON, BARRY BERMAN, and GERALD BROWN,

    Defendants.

No. 04 C 5395

## MEMORANDUM OPINION AND ORDER

Plaintiffs Citizens for Community Action ("CCA"), Wayne Strnad, and Bruce Randazzo allege that defendants the City of Chicago ("the City"), Alfred Sanchez, Catherine M. Hennessy, Tommy Johnson, Gerald Brown, and Barry Berman (collectively, "the individual defendants") have violated their constitutional rights. The individual defendants are all employees of the City. Specifically, CCA and Mr. Strnad allege that the defendants have violated their right to associate with Mr. Randazzo, in violation of 42 U.S.C. § 1983 (Counts I and II). Mr. Randazzo alleges that the defendants have violated his right to associate with CCA and Mr. Strnad in violation of § 1983 (Count III), as well as his First Amendment right to free speech (Count IV). Mr. Randazzo also

alleges that the City's Personnel Rule XVIII ("Rule XVIII") is unconstitutionally overbroad and vague (Count V). Finally, Mr. Randazzo alleges that the defendants have denied him equal protection of the laws (Count VI) and have engaged in a conspiracy to violate his constitutional rights (Count VII). The City moves to dismiss Counts I, II, V, VI, and VII of the complaint, as well as plaintiff's prayer for punitive damages. I grant the City's motion in part, and deny it in part, for the reasons given below.

CCA is an Illinois not for profit corporation which conducts research, publishes written materials, and otherwise advocates for change on a variety of social issues, including reform of the City government. Mr. Strnad is the founder and director of CCA. Mr. Randazzo is a City employee who has been an active participant in CCA activities and a vocal critic of alleged wrongdoings in City government. Plaintiffs allege that defendants, specifically Ms. Hennessy in her position as legal counsel to the Department of Streets and Sanitation ("DSS"), violated Mr. Randazzo's rights by disciplining him with a 29-day suspension in response to his distribution of a CCA newsletter. Plaintiffs allege that this discipline was brought under Rule XVIII, which prohibits "engaging in a profession, business, trade, investment, occupation or other activity which results in a conflict of interest with present City employment."

Plaintiffs also allege that City employees, specifically including Mr. Johnson in his position as superintendent of District 3 of the DSS, have unequally enforced the City's Rules. Plaintiffs further allege that they have publicized and complained of this alleged unequal enforcement. Finally, plaintiffs allege that many of DSS' rules and policies are unwritten, and that the City allows violations of those rules and policies when it is politically expedient to do so.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiffs. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). I grant the motion only if the plaintiffs can prove no set of facts to support the allegations in their claim. *Id.*

The City first argues that the complaint must be dismissed in its entirety, as it was filed outside the statute of limitations. In Illinois, the statute of limitations for claims arising under §§ 1983 and 1985 is two years. *See, e.g., Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The City claims that the key event underlying plaintiffs' claims occurred on August 15, 2002. The complaint was filed on August 16, 2004, which the City argues is a day too late. However, when the anniversary date for statute of limitations purposes falls on a Saturday, Sunday, or legal

3

holiday, the limitations period runs until the next business day. Fed. R. Civ. P. 6(a). August 15, 2004 was a Sunday, and therefore the complaint, filed the next day, was timely filed.

The City next argues that the CCA and Mr. Strnad lack standing to bring their claims. Article III standing is the base requirement for proceeding with a lawsuit. To establish standing, a party must show (1) an injury in fact, (2) a causal link between the injury and the alleged wrongdoing by defendants, and (3) that a favorable court decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An association must meet the same requirements as an individual in order to establish standing. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378 (1982). Counts I and II allege that the defendants have violated the right to freedom of association of CCA and Mr. Strnad, respectively, with Mr. Randazzo. Defendants' actions involve the disciplining of Mr. Randazzo for various activities related to CCA. While Mr. Randazzo potentially has a claim for violation of his associational rights, CCA and Mr. Strnad do not. Defendants have not acted to prevent either CCA or Mr. Strnad from associating with whom they please. Plaintiffs allege that Mr. Randazzo has been an active participant in CCA activities. No relief requested by plaintiffs, damages or declaratory relief, will change the associational rights of CCA or Mr. Strnad. Counts I and II are dismissed.

Count V alleges that Rule XVIII is unconstitutionally vague and overbroad, in violation of the First Amendment. Although defendants argue that Mr. Randazzo has failed to state such a claim, I disagree. As noted above, Rule XVIII prohibits "engaging in a profession, business, trade, investment, occupation or other activity which results in a conflict of interest with present City employment." Mr. Randazzo alleges that the defendants relied on this rule to bring disciplinary action against him for conduct protected under the First Amendment. Mr. Randazzo has sufficiently pleaded a cause of action under the federal rules and, at this stage, that is all that is required. The motion to dismiss, with respect to Count V, is denied.

Count VI alleges that the defendants denied Mr. Randazzo equal protection of the law. Mr. Randazzo's Equal Protection claim is made under the "class of one" theory which, in the Seventh Circuit, may be established under either of two theories: (1) that the defendants sought to deprive Mr. Randazzo of the protection of the law "for reasons of a personal nature unrelated to the duties of the defendant's position;" or (2) that defendants "without a rational basis intentionally treated the plaintiff differently from others similarly situated." *Crowley v. McKinney*, 400 F.3d 965, 972 (7th Cir. 2005). Mr. Randazzo has adequately pleaded an equal protection "class of one" claim under the first theory: that he was suspended because of the content of the speech related to CCA, and

5

that he would not have been suspended but for the critical nature of that speech. While establishing this claim may prove difficult for Mr. Randazzo, at this point, an adequately pleaded claim is sufficient. *See id.* The motion to dismiss, with respect to Count VI, is denied.

Count VII alleges a conspiracy by the defendants to deprive Mr. Randazzo of his constitutional rights. However, the defendants are the City and City employees. Mr. Randazzo alleges that the employee defendants, acting under color of state law and within the scope of their employment, conspired to deprive him of his constitutional rights. A government entity cannot conspire with itself, as alleged here. *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110-11 (7th Cir. 1990); *Wright v. Illinois Dep't of Children and Family Serv.*, 40 F.3d 1492, 1508 (7th Cir. 1994)(extending inter-corporate conspiracy doctrine to government entities). The motion to dismiss, with respect to Count VII, is granted.

Finally, the City argues that plaintiffs' prayer for punitive damages must be stricken, as such damages are not available against a municipality under §§ 1983 or 1985. The City is correct. *See Spanish Action Community of Chicago v. City of Chicago*, 811 F.2d 1129, 1134 (7th Cir. 1987)(no punitive damages under § 1983); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1271 (7th Cir. 1984)(no

punitive damages under § 1985). The motion to dismiss the prayer for punitive damages against the City is granted.

The City's motion to dismiss Counts I, II, and VII, as well as the prayer for punitive damages against the City, is granted. The City's motion to dismiss Counts V and VI is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 29, 2005